Standford P. BIRNHOLZ, individually and as trustee of the Standford P. Birnholz P.A. Pension Plan, Plaintiff–Appellant,

v.

The 44 WALL STREET FUND, INC., a Delaware corporation, Defendant–Appellee.

No. 88–5532.

United States Court of Appeals, Eleventh Circuit.

June 27, 1990.

Richard A. Warren of Herbert A. Warren, P.A., Miami, Fla., for plaintiff-appellant.

Barry D. Hunter of Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for defendant-appellee.

William G. Reeves, General Counsel, and R. Michael Underwood, Deputy General Counsel, Florida Dept. of Banking and Finance, Tallahassee, Fla., amicus curiae for State of Fla., ex rel. Gerald Lewis, Comptroller of Florida.

Before CLARK and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The facts of this case are contained in the original panel decision in which we concluded that an amendment to the Florida Securities and Investor Protection Act, §§ 517.011 *et seq.*, Fla.Stat. (1987), should have been applied retroactively to require that issuers of securities registered with the Securities and Exchange Commission and exempt from Florida registration pay a $750.00 nonreturnable fee to the Florida Department of Banking and Finance, Division of Securities and Investor Protection (the "Division"), for each 36–consecutive-month period in which the securities are offered and sold in Florida. *Birnholz v. 44 Wall Street Fund, Inc.*, 880 F.2d 335 (11th Cir.1989); *see* § 517.061(19), Fla.Stat. (1978 Supp.) (the original statute), and § 517.061(19), Fla.Stat. (1979) (the amended statute).

On August 22, 1979, The 44 Wall Street Fund, Inc. (the "Fund") applied to the Division for an exemption in accordance with the Florida registration laws and paid a one-time fee of $750.00 complying with the original statute then in effect. On October 12, 1979, the Division issued to the Fund a "Notification of Exemption," certifying that the Fund had satisfied the requirements of the original statute. In the meantime the Florida legislature amended the original statute to require that the nonre-

turnable fee of $750.00 be paid to the Division for each 36–consecutive–month period in which the securities are offered and sold in Florida. This amended statute became effective after the Fund had filed its application for exemption under the original statute. Despite this change in the law, the Fund did not pay any additional fees until after April 1, 1985, even though it maintained the effectiveness of its registration and otherwise complied with the amended statute. Because we could find no controlling precedent to answer the precise issue of whether this technical violation should be excused, we certified the following question to the Supreme Court of Florida pursuant to Rule 9.150, Fla.R. App.P:

> WHETHER AN ISSUER THAT PROPERLY OBTAINED AN EXEMPTION FROM STATE REGISTRATION PURSUANT TO § 517.061(19), FLA.STAT. (1978 SUPP.), BUT FAILED, AFTER 36 CONSECUTIVE MONTHS OF SELLING ITS SHARES IN FLORIDA, TO FORWARD THE $750.00 FEE PROVIDED FOR IN THE AMENDED STATUTE, § 517.061(19)(b), FLA.STAT. (1979), SUBSTANTIALLY COMPLIED WITH THE EXEMPTION REQUIREMENTS, THEREBY AVOIDING LIABILITY TO INVESTORS UNDER § 517.211 FOR THE SALE OF UNREGISTERED SECURITIES IN VIOLATION OF § 517.07.

*Birnholz*, 880 F.2d at 341–42.

The Supreme Court of Florida has responded to the certified question in the affirmative, stating that "the [F]und's technical violation should be excused under the equitable doctrine of substantial compliance. The [F]und has complied with all of the provisions intended to protect the public." *Birnholz v. The 44 Wall Street Fund, Inc.*, 559 So.2d 1128, 1132 (1990) (copy attached as an appendix hereto). Accordingly, the judgment of the district court is

AFFIRMED.[1]

---

**1.** The district court, while determining that the amended statute should not be applied retroactively, a decision with which we disagreed, held in the alternative that "even if the amended statute were controlling, Birnholz still would

APPENDIX

SUPREME COURT OF FLORIDA

No. 74,566

[April 12, 1990]

Standford P. Birnholz, etc.,
Plaintiff–Appellant,

vs.

The 44 Wall Street Fund, Inc.,
Defendant–Appellee.

OVERTON, Justice.

The United States Court of Appeals for the Eleventh Circuit, in *Birnholz v. 44 Wall Street Fund, Inc.*, 880 F.2d 335 (11th Cir.1989), has certified the following question to this Court:

> WHETHER AN ISSUER THAT PROPERLY OBTAINED AN EXEMPTION FROM STATE REGISTRATION PURSUANT TO § 517.061(19), Fla.Stat. (1978 Supp.), BUT FAILED, AFTER 36 CONSECUTIVE MONTHS OF SELLING ITS SHARES IN FLORIDA, TO FORWARD THE $750.00 FEE PROVIDED FOR IN THE AMENDED STATUTE, § 517.061(19)(b), FLA.STAT. (1979), SUBSTANTIALLY COMPLIED WITH THE EXEMPTION REQUIREMENTS, THEREBY AVOIDING LIABILITY TO INVESTORS UNDER § 517.211 FOR THE SALE OF UNREGISTERED SECURITIES IN VIOLATION OF § 517.07.

*Id.* at 341–42. Additionally, that court stated: "[W]e invite the attention of the Florida Supreme Court [to the issues not certified] and emphasize that the court is free to decide them as it may see fit." *Id.* at 342. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const. We find that the mutual fund company complied with all of the state regulatory requirements intended to protect the public in the sale of securities and that its failure to timely pay a

---

not be entitled to relief, because there was substantial compliance by the Fund with the terms of the amended statute." *Birnholz*, 880 F.2d at 338.

renewal fee, pursuant to a subsequently enacted amendment, does not void the exemption in this case.

The United States Court of Appeals for the Eleventh Circuit set forth the facts as follows:

> This case presents several questions of first impression with respect to a former provision of the Florida Securities and Investor Protection Act, § 517.011, *et seq.*, Fla.Stat. (1987), which exempted from registration in Florida securities transactions registered with the United States Securities and Exchange Commission (SEC). The plaintiff, Standford P. Birnholz, individually and as trustee of the Standford P. Birnholz P.A. Pension Plan (Birnholz), brought this action in the United States District Court for the Southern District of Florida pursuant to § 517.211, Fla.Stat.,[1] against the 44 Wall Street Fund, Inc. (the Fund). Seeking to recover market losses in excess of $360,000.00 incurred through the purchase and sale of the Fund's shares, Birnholz alleged that the securities of the Fund which he purchased between October, 1980, and March, 1985, were sold in violation of the registration requirements of § 517.07.[2] As an affirmative defense the Fund asserted that the transactions in question were exempt from registration according to § 517.061(19), Fla.Stat. (1978 Supp.), which provided that the registration provisions of § 517.07 did not apply to the sale of securities made in compliance with a registration statement effective under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.* The case was tried before the district court without a jury on April 6, 1988, and April 28, 1988.

> During the relevant period Birnholz invested over $2,000,000.00 in the Fund, purchasing approximately 360,000 shares of the Fund's stock. The Fund is a New York based mutual fund which, since about 1968, has sold its shares to investors throughout the United States pursuant to a registration statement filed with the SEC under the Securities Act of 1933.

> On August 22, 1979, the Fund applied for an exemption from the Florida registration requirements. By September 1, 1979, the Florida Department of Banking and Finance, Division of Securities and Investor Protection (the Division) had received from the Fund, in addition to a $750.00 filing fee, all of the documents required under § 517.061(19), Fla.Stat. (1978 Supp.) (the original statute),[3] including a notice of intention to sell, a copy of the initial registration statement and prospectus filed with the SEC and an irrevocable consent to service of process. On October 12, 1979, the Division issued to the Fund a "Notification of Exemption" certifying that the Fund had complied with § 517.061(19). This notice authorized the offer and sale of the following securities issue: "$92,000,000 aggregate sales amount of $1 par value Common Stock, to be sold at net asset value with no sales charge." Also, although the original statute was silent as to the duration of the exemption, the notification bore a "termination date" of October 8, 1980.

> In 1979, the Florida Legislature amended the original statute, adding a requirement that issuers of securities registered with the SEC and exempt from Florida registration pay a $750.00 nonreturnable fee to the Division for each 36–consecutive–month period in which the securities are offered and sold in Florida. § 517.061(19), Fla.Stat. (1979) (the amended statute).[4] The amended statute became effective on September 1, 1979. The Fund did not pay any additional fees to the Division until after April 1, 1985. However, at all times relevant to this action, the Fund maintained the effectiveness of its SEC registration statement and delivered current prospectuses, as well as its semi-annual and annual reports and proxy statements, to Birnholz and every other prospective Florida purchaser of the Fund's shares. . . .

---

[1]. Section 517.211 provides that every sale made in violation of the registration provisions may be rescinded at the election of the purchas-

er, and it makes sellers of unregistered securities liable to the purchaser for damages.

2. This section makes it unlawful to sell or offer for sale in Florida securities which have not been registered with the state, unless the securities belong to an exempt class or are sold in any exempt transaction.

3. The original statute provided:

"The registration provisions of s. 517.07 do not apply to any of the following transactions:

. . . .

(19) The sale of securities pursuant to a registration statement effective under the Securities Act of 1933, provided that the department has received, prior to the offer or sale:

(a) A notice of intention to sell which has been executed by the issuer, any other person on whose behalf the offering is to be made, a dealer registered under this part, or any duly authorized agent of any such person, and which sets forth the name and address of the applicant, the name and address of the issuer, and the title of the securities to be offered in this state;

(b) A copy of the initial registration statement and prospectus filed with the Securities and Exchange Commission; and

(c) Copies of such information or documents which the department may by rule require; and the person filing a registration statement shall at the time of filing pay the department a nonreturnable fee of 0.1 percent of the aggregate sales price of the securities offered or to be offered in this state, but not less than $20 nor more than $750; and there shall be filed with the registration statement or prospectus the irrevocable written consent as required by s. 517.101."

4. The amended statute exempted from the registration provisions the following transaction, among others:

"(19)(a) The offer or sale of securities pursuant to a registration statement filed under the Securities Act of 1933, provided that prior to the sale the registration statement has become effective and the department has received:

1. A notice of intention to sell which has been executed by the issuer. . . .

2. Copies of such documents filed with the Securities and Exchange Commission as the department may by rule require; and

3. The irrevocable written consent as required by s. 517.101.

(b) The person filing a notice of intention shall at the time of filing pay the department a

nonreturnable fee of 0.1 percent of the aggregate sales price of the securities offered or to be offered in this state, but not less than $20 nor more than $750. The fee required by this paragraph shall be paid to the department for each 36–consecutive–month period in which the securities are offered and sold. The 36–consecutive–month period shall commence upon receipt by the department of the notice of intention to sell."

*Birnholz*, 880 F.2d at 336–38 (citation omitted). Birnholz seeks to void the mutual fund's registration under the state securities act in order to claim damages for the sale of "unregistered securities."

The federal district court determined that the 1979 amended statute, which required payment of a $750 fee every thirty-six months, should not be given retroactive effect. That court held that the amendment was inapplicable to securities in which proper documentation had been filed prior to the amendment's effective date and concluded that the fund had fully complied with the applicable statute. The district court also held that if the amended statute were to be given retroactive application, Birnholz still would not be entitled to recover since the fund had substantially complied with all of the statutory requirements.

On appeal, the United States Court of Appeals for the Eleventh Circuit approved the district court's result but held that the statute should be given retroactive effect. The court of appeals rejected, as did the district court, Birnholtz's argument that rule 3E–500.09, Florida Administrative Code (1979),* required the fund to file additional documents along with the renewal fee, explaining:

The relevant statutory language is: "The fee required by this paragraph shall be

---

* Rule 3E–500.09, Florida Administrative Code (1979), provided:

(1) Notices of Intention to Sell pursuant to Section 517.061(19), Florida Statutes, shall be filed on the forms prescribed by the Department and shall include:

(a) one (1) copy of the cover page of the initial registration statement as filed with the United States Securities and Exchange Commission, unless effective with the S.E.C. upon filing with this Department; .

(b) an irrevocable written consent to service as required by Section 517.101, Florida Statutes;

(c) payment of the statutory fee as required by Section 517.061(19)(d), Florida Statutes.

(2) Exhibits which are required by the Notice of Intention to Sell form may not be incorporated by reference to previous filings.

(3) In addition to the requirements of subsection (1) of this rule, prior to the confirmation by the Department of a claim of exemp-

paid to the department for each 36–consecutive–month period in which the securities are offered and sold. The 36–consecutive–month period shall commence upon receipt by the department of the notice of intention to sell." § 517.061(19)(b), Fla.Stat. (1979). According to Birnholz, this passage implies that every three years issuers must refile, in addition to the fee, a notice of intention to sell, a copy of the initial registration statement on file with the SEC, a written consent to service and any other documents required by the Division. Birnholz points to a contemporaneous administrative enactment, Rule 3E–500.09, Fla.Admin.Code (1979), which became effective on December 5, 1979, as evidence of the Division's construction of the statute, and he urges us to accord it great weight. The rule suggests that notices of intention to sell consist of several components, including all of the documents listed in subsection (a) of the amended statute. It also says that exhibits cannot be incorporated by reference to *previous* filings. We hold that the plain language of the amended statute is contrary to Birnholz' position. . . .

. . . .

We believe that the words used in the amended statute convey a plain and obvious meaning, admitting no ambiguity. A close reading of the amended statute reveals that to maintain the effectiveness of an exemption from registration under section 517.061(19), subsection (b) requires only that an issuer pay the prescribed fee after three years of selling securities in Florida. In the amended statute, subsection (a) deals with the documents which must be filed and subsection (b) mandates the fee. Subsection (b) explicitly states that "[t]he fee ... shall be paid ... for each 36–consecutive–month period in which the securities are offered and sold." Had the legislature intended that the documents detailed in

subsection (a) also be refiled periodically, presumably it would have provided for that expressly therein, as it did in the immediately succeeding subsection (b). Given the unequivocal language requiring a new fee payment at the end of three years, we refrain from concluding, in the absence of a clearly expressed intent to the contrary, that any documents were also required to be refiled at that time....

880 F.2d at 340–41 (footnote omitted; citations omitted). We fully agree with the court of appeals' construction.

This state's securities laws are intended to protect the public. To avoid duplication of work, the statute provides exceptions to registration when a company demonstrates that it has fully complied with the appropriate federal securities laws.

In the instant case, the fund paid a $750 filing fee and filed each of the required documents pursuant to section 517.061(19), Florida Statutes (1978 Supp.). At all times subsequent to this initial filing, the fund remained in compliance with the Securities and Exchange Commission's requirements, which effectively placed the fund in full compliance with this state's requirements. The fund's only failure was not paying the $750 renewal fee required under the amended section, which became effective after the fund filed its initial application. In this regard, the state never gave the fund notice that a renewal fee was due. We note that the purpose of the fee was to increase the department's revenue and a justifiable issue existed as to whether the amendment should be retroactively applied to applications already approved. The amendment contains no provisions which require the filing of additional regulatory documents. We find, in this limited instance, that the fund's technical violation should be excused under the equitable doctrine of substantial compliance. The fund has complied with all of the provisions intended to protect the public.

tion by the notifier pursuant to Section 517.061(19), Florida Statutes, the notifier shall provide the Department one (1) copy of the

final definitive prospectus as per the effective registration with the United States Securities and Exchange Commission.

We caution that this is a narrow holding and that it should not be construed to mean that the equitable defense of substantial compliance also applies when there is a partial failure to comply with regulatory requirements or the necessary documentation to obtain an exemption.

Having answered the questions presented, we remand this case to the United States Court of Appeals for the Eleventh Circuit for disposition.

It is so ordered.

EHRLICH, C.J., and McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.

GRIMES, J., did not participate in this case.